# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JORGE CERVANTES DIAZ,

Petitioner,

v.

JANET NAPOLITANO, Secretary of the Department of Homeland Security, *et al*.,

Respondents.

NO. C09-1658-RSL-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is currently confined at the Northwest Detention Center in Tacoma, Washington under the jurisdiction of the United States Immigration and Customs Enforcement ("ICE"). He has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. (Dkt. No. 1.) He requests that this Court order a bond hearing, arguing that respondents have denied him "due process under the Fifth Amendment by refusing to adjudicate [his] applications for bond." *Id*. at 3. Petitioner also seeks a preliminary injunction ordering the Immigration Court to accept documents submitted on his behalf by an unlicensed attorney and a non-accredited representative. *Id*. at 1. Respondents have filed a motion to dismiss, arguing that because petitioner is subject to a *reinstated* final order of

REPORT AND RECOMMENDATION - 1

removal, he is not entitled to a bond hearing before an Immigration Judge. (Dkt. No. 11.) Respondents further contend that because the Immigration Court lacks authority to grant the relief sought by petitioner, petitioner's claims are moot and should be dismissed. (Dkt. No. 11.)

For the reasons provided below, the Court recommends that respondents' motion to dismiss be granted, and this matter be dismissed with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States on or about January 1, 1997, without inspection. (Administrative Record ("AR") at L2, L5, L7.) On November 13, 2007, the Department of Homeland Security ("DHS") served petitioner with a Notice to Appear, charging him as removable from the United States under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), for entering the United States without being admitted or paroled. (AR L3-5.) On December 4, 2007, an Immigration Judge ("IJ") ordered petitioner removed to Mexico based on the charges contained in the Notice to Appear. (AR L9.) Petitioner waived appeal of the IJ's order and was removed to Mexico on December 12, 2007. (AR L12-13.)

Petitioner reentered the United States in February 2008, without inspection. (AR L17, L40-41.) On September 1, 2009, ICE issued a Notice of Intent/Decision to Reinstate Prior Order (Form I-871), reinstating petitioner's December 4, 2007, order of removal. (AR L24.) On September 4, 2009, petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals, which dismissed the petition for lack of jurisdiction on December 11, 1009. *See Cervantes Diaz v. Holder*, No. 09-72859 (9th Cir. 2009.)

On September 9, 2009, petitioner filed a Motion to Reopen along with a Motion for Redetermination of Custody Status with the Immigration Court. (AR L25-38.) Petitioner

REPORT AND RECOMMENDATION - 2

appeared before an IJ on September 18, 2009, for a bond redetermination hearing. (AR L54.) However, the IJ took no action, finding that he lacked jurisdiction to redetermine the conditions of petitioner's custody because he "ha[d] not been served with a [Notice to Appear]" relating to removal proceedings. *Id*. Petitioner waived appeal of the IJ's custody order. *Id*. On October 1, 2009, an IJ denied petitioner's motion to reopen. (AR L55-56.)

On October 13, 2009, petitioner timely appealed the IJ's decision denying his motion to reopen to the Board of Immigration Appeals ("BIA"). (AR L66.) The appeal was filed on petitioner's behalf by Daniel Marc Roland Cortier from the Immigration Public Justice Center CCSC. (AR L25-38.) The BIA rejected the appeal because Mr. Cortier had not submitted a Notice of Entry of Appearance as Attorney or Representative Before the Board (Form EOIR-27) pursuant to 8 C.F.R. § 1003.3(a)(3) and 1003.38(g). (AR L66.) On November 9, 2009, the BIA also rejected petitioner's Motion for redetermination of custody status filed on petitioner's behalf by Mr. Cortier, noting that Mr. Cortier is "not an accredited representative or attorney with the BIA – therefore [he] cannot mail in/file documents on behalf of [petitioner]." (Dkt. No. 1, Ex. A.) Although the BIA initially rejected petitioner's appeal because it was not filed by a BIA representative or an attorney, the BIA subsequently accepted the appeal, which was considered and denied on December 1, 2009. (AR L67.)

Petitioner timely filed a Petition for Review of the BIA's decision with the Ninth Circuit, along with a request for stay of removal. *See Cervantes Diaz v. Holder*, No. 09-73923 (9th Cir. 2009). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay of removal was automatically issued. *Id*. On February 2, 2010, the Ninth Circuit dismissed petitioner's petition for review, and the mandate issued on or about March 2, 2010, lifting the temporary stay of removal. *See id*.

REPORT AND RECOMMENDATION - 3

On December 1, 2009, ICE completed a Post Order Custody Review of petitioner's custody status and concluded that petitioner was a flight risk and would therefore remain in ICE custody pending his removal from the United States to Mexico. (AR R90-98.)

III.     DISCUSSION

A. Preliminary Injunction

In determining whether to grant a preliminary injunction, the Court considers: (1) the likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if an injunction is not issued; (3) the extent to which the balance of hardships favor plaintiff; and (4) whether the public interest will be advanced by the injunction. *See Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. ___, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Los Angeles Memorial Coliseum Comm. v. National Football League*, 634 F.2d 1197, 1200-1201 (9th Cir. 1980). The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm. *See Prudential Real Estate Affiliates, Inc. v. PRP Realty, Inc*., 204 F.3d 867, 874 (9th Cir. 2000); *United States v. Odessa Union Warehouse Co-Op*, 833 F.2d 172, 174 (9th Cir. 1987). Thus, a showing of a strong likelihood of success on the merits may justify the issuance of an injunction even if the evidence of harm is relatively weak, and vice versa.

Here, petitioner is unable to make the required showing necessary for injunctive relief. Respondents argue that petitioner is not entitled to a bond hearing before the Immigration Court because his prior order of removal was reinstated. (Dkt. No. 11 at 3.) For the reasons set forth below, the Court agrees with respondents that petitioner is not entitled a bond hearing. Accordingly, petitioner's request for injunctive relief in connection with his habeas petition should be denied.

REPORT AND RECOMMENDATION - 4

B. <u>Detention</u>

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1236. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See id.* Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.

Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6). The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B).

In *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), the Ninth Circuit held that an alien detained under INA § 236(a) pending direct review of a final order of removal that has been stayed is entitled to an individualized bond hearing before an Immigration Judge, and an

opportunity to appeal that determination to the BIA. *See also Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008). Here, however, petitioner waived appeal of the IJ's December 4, 2007, removal order, and was removed to Mexico on December 12, 2007. Although petitioner filed a petition for review in the Ninth Circuit which resulted in a stay of removal, his appeal did not "entail judicial review of a *removal order*, as the plain text of the statute requires." *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008). Rather, petitioner's appeal challenged the BIA's decision denying his motion to reopen. Accordingly, petitioner's detention is *not* governed by INA 236 because that section only applies to detention during removal proceedings, including direct judicial review of an administratively final removal order. *Id.*; *see also Prieto-Romero*, 534 F.3d at 1059; *Casas-Castrillon*, 535 F.3d at 947.

In *Diouf*, the Ninth Circuit reversed a decision by the district court which had granted habeas relief to a petitioner who had been detained for twenty-three months pending judicial review of the BIA's denial of his motion to reopen removal proceedings. *Diouf*, 542 F.3d at 1222. The Ninth Circuit determined that the district court had erred because its decision was based on the erroneous conclusion that Diouf's detention was governed by INA § 236 rather than INA § 241. *Id.* at 1234. The court held that a stay entered while a court reviews an alien's petition for review of the BIA's denial of a motion to reopen does not prevent the removal period from beginning. *Id.* at 1229-30. The court distinguished its decisions in *Prieto-Romero* and *Casas-Castrillon*, noting that in those cases,

> we made clear that the statutory basis for the petitioner's detention would have been different if the pending petition for review had not challenged an administratively final order of removal, explaining that the "beginning of the removal period is not delayed by *every* judicially entered stay," and that the "entry of a stay of removal for any . . . reason [other than review of a removal order] – for example, a stay entered while a court reviews an alien's § 2241 habeas petition or *petition for review of the BIA's denial of a motion to reopen* – does not prevent the removal period from beginning.

REPORT AND RECOMMENDATION - 6

*Id*. at 1230 (citations omitted).

Here, as in *Diouf*, petitioner is detained under INA § 241(a)(6) because his order of removal is administratively and judicially final. While petitioner may be eligible for release, the Attorney General has exclusive authority to determine whether to detain him or release him under an order of supervision. *See* INA § 241(a)(6). Neither the statute under which he is being detained nor the regulations authorize an Immigration Judge to redetermine the conditions of custody imposed by the DHS. *See Matter of Werner*, 25 I&N Dec. 45, 46-47 (BIA 2009)(holding that an Immigration Judge lacks jurisdiction to redetermine custody with respect to aliens who have *not* been taken into custody in conjunction with a Notice to Appear relating to removal proceedings). Accordingly, the Immigration Judge and the BIA properly determined that they lacked jurisdiction to conduct a bond redetermination hearing.

Moreover, petitioner's detention is not indefinite because his removal remains reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas*, the Supreme Court considered whether INA § 241(a)(6) authorizes the Attorney General "to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id*. at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id*. at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. *Id*. at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id*. at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id*. The Court finds that petitioner has failed to satisfy his burden of showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*.

The Ninth Circuit has "construed this language to require the alien to show that he would be unremovable even if the government defeated his petition for review." *Diouf*, 542 F.3d at 1233 (quoting *Prieto-Romero*, 534 F3d at 1063). Here, there is no indication that petitioner is unremovable. Rather, the Ninth Circuit dismissed petitioner's petition for review on February 2, 2010, and the mandate issued on or about March 2, 2010, lifting the temporary stay of removal. As there are no barriers to petitioner's removal to Mexico, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were," and his detention is not indefinite. *See Prieto-Romero*, 534 F.3d at 1063.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 8th day of March, 2010.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge